IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ANTHONY A. WHITEHURST | § | |
| | § | |
| V. | § | C.A. NO. C-03-300 |
| | § | |
| UNITED STATES, ET AL. | § | |

**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**

This is a civil rights action filed by a state prisoner pursuant to 42 U.S.C. § 1983. Plaintiff's motion for appointment of counsel is pending. (D.E. 74).

No constitutional right to appointment of counsel exists in civil rights cases. Wendell v. Asher, 162 F.3d 887, 892 (5th Cir. 1998); Akasike v. Fitzpatrick, 26 F.3d 510, 512 (5th Cir. 1994) (per curiam). A district court is not required to appoint counsel unless "'exceptional circumstances'" exist. Cupit v. Jones, 835 F.2d 82, 86 (5th Cir. 1987) (quoting Jackson v. Dallas Police Dep't, 811 F.2d 260, 261 (5th Cir. 1986) (per curiam)). Among the factors that the Court should consider are: "(1) the type and complexity of the case; (2) whether the indigent is capable of adequately presenting his case; (3) whether the indigent is in a position to investigate adequately the case; and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence. The court should also consider whether appointed counsel would aid in the efficient and equitable disposition of the case." Jackson, 811 F.2d at 262 (citing Ulmer v. Chancellor, 691 F.2d 209, 213 (5th Cir. 1982)); accord Norton v. Dimanza, 122 F.3d 286, 293 (5th Cir. 1997).

Upon careful consideration of the factors set forth in Jackson, the Court finds that appointment of counsel is not warranted. Regarding the first factor, plaintiff's Eighth Amendment claims do not present any complexities that are unusual in prisoner actions. Indeed, the issue at hand is whether or

not defendants intentionally destroyed defendants' personal belongings.  Plaintiff has presented this issue capably to the Court and can do so at trial.

The second and third factors are whether the plaintiff is in a position to adequately investigate and present his case.  Again, plaintiff has thus far demonstrated that he is able to adequately communicate and file pleadings with the Court.

The fourth factor requires an examination of whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence.  Plaintiff's action has been set for trial on November 7, 2005.  The issues and evidence anticipated at trial are not so complex that plaintiff cannot present them to the Court and a jury.  Finally, there is no indication that appointing counsel would aid in the efficient and equitable disposition of the case.

Plaintiff asserts several arguments in support of his motion.  (D.E. 74).  First, he claims that he "has no formal education in the legal field."  Id.  He also argues that the federal rules of evidence and jury trials are complex.  Of course, numerous individuals litigate pro se without such legal training.  As discussed above, plaintiff has the best understanding of his case and is more than capable of presenting it to a jury.

Second, plaintiff argues for an attorney to pay for the cost of copying exhibits.  Clearly, the purpose of an appointment of an attorney is not to provide fee copying service.  Indeed, such an argument demonstrates that an attorney is not wanted for that person's legal skills, but simply to subsidize plaintiff's litigation.  This is not a proper basis for the appointment of any attorney.

Third, plaintiff seeks an attorney because he "is in prison [and] has no way of video taping or audio recording the commercial of MATTHEW LESKO..."  Id.  It is doubtful this commercial would be admissible at trial.  Moreover, the basis for this request again demonstrates that plaintiff envisions appointed counsel as providing skills other than legal.  Clearly, attorneys have no expertise or ability

to make videotapes or audiotapes. Again, this is not a proper basis for the appointment of any attorney.

No "exceptional circumstances" exist that warrant the appointment of counsel at this time. Accordingly, plaintiff's motion for appointment of counsel, (D.E. 74), is DENIED.

ORDERED this 7th day of September 2005.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE