IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ANTHONY A. WHITEHURST | § | |
| | § | |
| V. | § | C.A. NO. C-03-300 |
| | § | |
| UNITED STATES, ET AL. | § | |

## ORDER

This is a civil rights action filed by a state prisoner pursuant to 42 U.S.C. § 1983. Defendant's motion to quash depositions on written questions of George Davis and Benny Harper is pending. (D.E. 89).

Defendant asserts two reasons for quashing plaintiff's depositions on written questions. First, plaintiff failed to obtain leave of the Court to take the two depositions. Second, defendant lodges numerous objections to specific questions arguing that they are leading, speculative, call for hearsay, or not relevant to this action.

Plaintiff seeks to depose Mr. Davis and Mr. Harper by written questions. Both deponents are currently inmates at FCC Beaumont. During a telephonic hearing conducted on October 20, 2005, plaintiff sought and received permission to take Mr. Davis' deposition by written questions. Plaintiff has never sought leave to depose Mr. Harper.

Pursuant to Rule 31 of the Federal Rules of Civil Procedure, "[a] party must obtain leave of court, which shall be granted to the extent consistent with the principles stated in Rule 26(b)(2), if the person to be examined is confined in prison." Fed. R. Civ. P. 31(a)(2). As plaintiff has already sought and received leave of the Court to take the deposition of Mr. Davis by written questions, defendant's motion to quash Mr. Davis' deposition upon written questions pursuant to Rule 31 is not

well founded.

Similarly, during that same October 20, 2005 telephonic hearing, or in any filing with the Court, plaintiff never sought leave to depose Mr. Harper by written questions.  Consequently, Rule 31 bars plaintiff from deposing Mr. Harper.

Next, defendant appears to seek to quash the deposition of Mr. Davis based upon numerous objections that it lodges to the various written questions.  Of course, defendant has an obligation to make any objections to the written questions prior to those questions being posed to the deponent.  See Fed. R. Civ. P. 32(d)(3).  Indeed, "a party who has not objected to a leading question at the taking of a deposition may not subsequently object to it when the deposition is introduced at the trial."  Elyria-Lorain Broad Co. v. Lorain Journal Co., 298 F.2d 356, 360 (6th Cir. 1961).  Defendant's objections are noted for the record and preserved for trial.

While defendant has properly maintained various objections to plaintiff's written deposition questions, these objections themselves do not establish a basis for quashing Mr. Davis' deposition. "The interposing of objections by National Union serves the function of avoiding the waiver of any such error or irregularity–in this case, those that pertain to the form of certain written questions. It does not trigger a right to a hearing and to quash the deposition."  Baranowski v. Nat'l Union Fire Ins. Co., 141 F.R.D. 55, 56 (N.D. Tex. 1992); see also 8A Charles Alan Wright, Arthur R. Miller, & Richard L. Marcus, Federal Practice and Procedure § 2132 (2d ed. 1994) ("Service of such objections preserves the objections, but does not itself provide a basis for quashing the notice of deposition.").  Defendant's objections to the written questions notwithstanding, plaintiff may proceed with his deposition of Mr. Davis.

The fact that Mr. Davis' deposition may be taken by written questions, however, does not necessarily mean that plaintiff will be able to use that deposition at trial.  As the Fifth Circuit has

2

determined, deposition transcripts may be excluded at trial, for example, when they elicit "answers to hypothetical questions which did not reflect the facts in evidence." Neveaux v. Cent. Gulf S.S., 503 F.2d 961, 962 (5th Cir. 1974) (per curiam). Similarly, written deposition questions should be drafted so as to seek specific facts as opposed to conclusory generalities. See Molignaro v. Dutton, 373 F.2d 729, 731 (5th Cir. 1967). If plaintiff's written questions fail these guidelines, that is a matter for a motion in limine and a subject for the final pretrial conference.

Accordingly, defendant's motion to quash Mr. Harper's deposition upon written questions is GRANTED. However, defendant's motion to quash Mr. Davis' deposition upon written questions is DENIED.

ORDERED this 16th day of November 2005.


BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE