IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ANTHONY A. WHITEHURST | § | |
| | § | |
| V. | § | C.A. NO. C-03-300 |
| | § | |
| UNITED STATES, ET AL. | § | |

**ORDER GRANTING PLAINTIFF'S MOTION
FOR ENLARGEMENT OF TIME TO SERVE REDIRECT QUESTIONS**

This is a civil rights action filed by a state prisoner pursuant to 42 U.S.C. § 1983. Plaintiff's motion seeking an enlargement of time for serving redirect questions upon deponent Darryl Reed is pending. (D.E. 97). A copy of the questions for this written deposition were also filed with the Court. (D.E. 98).

As the undersigned magistrate judge has previously cautioned regarding the admissibility of deposition transcripts at trial, (D.E. 90), the fact that Mr. Reed's deposition may be taken by written questions does not necessarily mean that plaintiff will be able to use that deposition at trial. As the Fifth Circuit has determined, deposition transcripts may be excluded at trial, for example, when they elicit "answers to hypothetical questions which did not reflect the facts in evidence." Neveaux v. Cent. Gulf S.S., 503 F.2d 961, 962 (5th Cir. 1974) (per curiam). Similarly, written deposition questions should be drafted so as to seek specific facts as opposed to conclusory generalities. See Molignaro v. Dutton, 373 F.2d 729, 731 (5th Cir. 1967). If plaintiff's written questions fail these guidelines, then the deposition transcript, in

whole or in part, may be excluded from use at trial.

With this caveat in mind, plaintiff's motion seeking an enlargement of time for serving redirect questions upon deponent Darryl Reed, (D.E. 97), is GRANTED.

ORDERED this 28th day of November 2005.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE