IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

ANTHONY A. WHITEHURST           §
                                §
V.                              §          C.A. NO. C-03-300
                                §
UNITED STATES, ET AL.           §

## ORDER

This is a civil rights action filed by a state prisoner pursuant to 42 U.S.C. § 1983.  Trial is set

in this case for February 14, 2006.  A final pre-trial conference was held on February 13, 2006.

During the course of the final pre-trial conference, the parties agreed and stipulated to the

admissibility of a number of exhibits.  The following exhibits are deemed admitted: PX11, PX12,

PX13, PX14, PX15, PX16, PX18, PX19, PX20, PX21, PX22, PX23, PX24, PX26, PX27, PX31, and

PX32.  Additionally, DX1 is admitted.

Plaintiff seeks the admission of a deposition upon written questions of George Davis.

Defendant does not object to the following questions within this deposition: 1, 2, 3, 4, 8, 9, 10, 11,

12, 15, 16, 17, 19, 32, 35, 39, 40, 41, 47, 48, 50, 54, 55, 56, 67, and 71.  The following questions

from Mr. Davis' redacted deposition upon written questions will be provided to the jury: 1-19, 28,

31-32, 35, 38-41, 45, 47-48, 50, 54-56, 67, and 71.  To the extent that the included questions were

objected to by defendant, they are found to be foundational questions or non-leading and thus

admissible.  Defendant's cross-examination questions and answers in their entirety (eight questions)

will be admitted and provided to the jury as DX2.

The deposition upon written question of Darryl Reed consists entirely of two declarations.

Defendant objects to the deposition asserting hearsay.  Mr. Reed's deposition is inadmissible as it

solely constitutes hearsay statements.  See United States v. Butler, 988 F.2d 537, 540-41 (5th Cir.

1993); see also Cormier v. Pennzoil Exploration & Prod. Co., 969 F.2d 1559, 1561 (5th Cir. 1992) (per curiam) (citation omitted).  Consequently, Mr. Reed's deposition is deemed inadmissible.

The deposition upon written question of Benny Harper addresses matters about which Mr. Harper disavowed personal knowledge, or that are not relevant to the issues in this case. Consequently, Mr. Harper's deposition is deemed inadmissible.

The fact that an exhibit from either exhibit list was not stipulated to does not bar a party from attempting to use it or seek its admission at trial.

ORDERED this 13th day of February 2006.


BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE