IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ANTHONY A. WHITEHURST | § | |
| | § | |
| v. | § | C.A. NO. C-03-300 |
| | § | |
| UNITED STATES, ET AL. | § | |

**ORDER DENYING PLAINTIFF'S MOTION TO**
**PROCEED WITHOUT PAYING COSTS FOR TRANSCRIPTS**

This is a civil rights action filed by a state prisoner pursuant to 42 U.S.C. § 1983.[1] Pending is plaintiff's motion to proceed without paying costs for transcripts. (D.E. 167). He requests transcripts from his February 2006 jury trial, as well as his motion to add parties.

Plaintiff asserts that he ought not be required to pay for the requested transcripts due to his indigent status. His motion to proceed in forma pauperis on appeal, (D.E. 158), was granted. (D.E. 160). However, "[f]ees for transcripts furnished in ... proceedings to persons permitted to appeal in forma pauperis shall ... be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question)." 28 U.S.C. § 753(f). The Fifth Circuit has explained that "[i]n order to succeed on a motion for

---

[1] Plaintiff was released from prison just prior to his trial.

production of transcripts at government expense, a party must also show why the transcripts are necessary for proper disposition of his appeal." Norton v. Dimanzana, 122 F.3d 286, 293 (5th Cir. 1997) (citing Harvey v. Andrist, 754 F.2d 569, 571 (5th Cir. 1985)).  Plaintiff attended the trial and the docket reflects what occurred at each day of trial.  He has failed to specify how the transcripts are necessary to effectively argue his appeal.  He has not addressed why he is unable to argue his appeal based on his personal knowledge of the February jury trial and motion to add parties.

Accordingly, plaintiff's motion to proceed without paying costs for transcripts, (D.E.167), is DENIED.

ORDERED this 20th day of June 2006.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

2