IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ANTHONY A. WHITEHURST | § | |
| | § | |
| v. | § | C.A. NO. C-03-300 |
| | § | |
| UNITED STATES, ET AL. | § | |

**ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER**

This is a civil rights action filed by a state prisoner pursuant to 42 U.S.C. § 1983.[1] Pending is plaintiff's motion to reconsider the denial of his motion for reconsideration of his motion for a free copy of the trial transcript. (D.E. 182). His original motion for transcripts, (D.E. 167), was denied on June 20, 2006. (D.E. 168). On October 12, 2006 he filed the same motion to reconsider, (D.E. 180), which was denied. (D.E. 181). Again, he requests transcripts from his February 2006 jury trial, as well as his motion to add parties, but has not provided any new analysis or argument.

Plaintiff asserts that he ought not be required to pay for the requested transcripts due to his indigent status. His motion to proceed in forma pauperis on appeal, (D.E. 158), was granted. (D.E. 160). However, "[f]ees for transcripts furnished in ... proceedings to persons permitted to appeal in forma pauperis shall

---

[1] Plaintiff was released from prison just prior to his trial.

... be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question)." 28 U.S.C. § 753(f). The Fifth Circuit has explained that "[i]n order to succeed on a motion for production of transcripts at government expense, a party must also show why the transcripts are necessary for proper disposition of his appeal." Norton v. Dimanzana, 122 F.3d 286, 293 (5th Cir. 1997) (citing Harvey v. Andrist, 754 F.2d 569, 571 (5th Cir. 1985)).

    Plaintiff attended the trial and the docket reflects what occurred at each day of trial. In his motion, he relies on two previously filed documents explaining why he needs the transcripts on appeal. First, he asserts that he must establish that defendant Angel Garcia "intentionally threw away his property." (D.E. 175, 177). However, he then indicates that none of defendant Garcia's trial testimony "establishes that defendant Garcia intentionally threw away plaintiff's property." Id. Thus, plaintiff has failed to specify how the transcripts are necessary to effectively argue his appeal against this defendant.

    Next, plaintiff argues that he needs the trial transcripts to address the denial of his motion to add parties. (D.E. 142). This motion was raised during trial. It essentially sought reconsideration of a previous decision to include several other defendants. Id. at 1. He argues that several officers engaged in a conspiracy to

deprive him of his property and relies on Gonsalves v. City of New Bedford, 939 F. Supp. 921 (D. Mass. 1996). Id. at 3, 6-27. During the argument on this motion to add parties, he failed to provide any support for his argument that adding a number of defendants in the middle of trial was appropriate. In his request for trial transcripts, he argues that they are necessary related to his appeal of the denial of his motion to add parties. (D.E. 175, 177).

Plaintiff has not established why he is unable to appeal the denial of this motion to add parties based on the motion itself. Moreover, he has failed to demonstrate how the trial transcript would assist in raising this claim on appeal.

Accordingly, plaintiff's motion to reconsider the denial of his motion for reconsideration of his motion for a free copy of the trial transcript, (D.E. 182), is DENIED. Moreover, plaintiff is cautioned about filing frivolous motions.

ORDERED this 23rd day of October 2006.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE